# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANA GABRIELA SORIANO, as ) <br> Supervised Administrator of the Estate of ) <br> Elizabeth Soriano, Deceased, and ) <br> KARINA SALGADO, ) <br> ) <br> Defendants. ) | No. 18 C 3672 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, the Court grants defendant Ana Gabriela Soriano's motion to dismiss this action under the *Wilton/Brillhart* abstention doctrine.

## BACKGROUND

Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), filed this declaratory-judgment action against Ana Gabriela Soriano ("Soriano"), who is the supervised administrator of the estate of Elizabeth Soriano, and Karina Salgado. National Union seeks a declaration of its obligations under an insurance policy (the "Policy") it issued to Barton Staffing Solutions, Inc. ("Barton Staffing").

This dispute stems from a fatal vehicle collision and a related personal-injury action that Soriano filed on September 20, 2007 in the Circuit Court of Cook County. In that action, Soriano alleged that on September 3, 2007, she, her sister Elizabeth, and other members of their family were passengers in a van owned by Rosa Michel and driven by Salgado. The van was heading northbound on Interstate Highway 55 near Downers Grove, Illinois, when it collided with a

guardrail, killing Elizabeth and injuring the other occupants of the van. Soriano further alleged in pertinent part that Salgado and Michel were agents or employees of Barton Staffing, which had a duty to provide safe transportation for plaintiffs to a job site but breached that duty and was negligent. On October 28, 2010, Soriano (both individually and as supervised administrator of Elizabeth's estate) and the other plaintiffs settled their claims against Barton Staffing for $50,000.00. On October 7, 2011, the state court entered default judgments against Salgado and Michel, each in the amount of $7,500,000.00.

On April 25, 2018, Soriano filed a citation to discover assets against National Union, seeking to collect on the judgment against Salgado by recovering, as a garnishable asset of Salgado, the proceeds of the Policy. The citation was served on National Union on April 30, 2018. On May 24, 2018, National Union filed a complaint in this court against Soriano, Salgado, and Michel under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking, pursuant to various theories, a determination that the Policy does not cover the claims against Salgado or Michel. Jurisdiction is premised on diversity of citizenship. On July 12, 2018, National Union voluntarily dismissed Michel as a defendant. Soriano moves for dismissal of this case under the *Wilton/Brillhart* abstention doctrine.

**DISCUSSION**

The Declaratory Judgment Act provides that a federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201 (emphasis added). Under the doctrine of *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), "district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare,*

*Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). There are no "set criteria" for when a court should exercise its discretion to abstain, but "the classic example of when abstention is proper occurs where . . . solely declaratory relief is sought," as is the case here, "and parallel state proceedings are ongoing." *Id.* "Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id.* Several factors guide the court's discretion, including whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding; whether the parties to the two actions are identical; whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation; and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 379-80 (7th Cir. 2010) (citing *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995)).

The instant declaratory action and the state-court citation proceeding address the same legal issue: whether National Union must compensate Soriano on the judgment against Salgado based on the insurance policy that National Union issued to Barton Staffing. Soriano initiated the citation proceeding under 735 ILCS 5/2-1402(c)(6), which authorizes a judgment creditor to maintain an action for the recovery of the debt against an entity that is itself indebted to the judgment debtor. The parties to the two proceedings are the same. The state court will have to determine the scope of National Union's obligations under the Policy, which this Court would also have to do to resolve National Union's declaratory-judgment claims. Therefore, the proceedings are parallel. The instant action merely amounts to duplicative litigation, and allowing it to proceed would waste judicial resources and create the risk of inconsistent results on issues solely of Illinois law.

National Union attempts to distinguish this case from the state-court proceeding on the ground that Soriano's citation "merely seeks information and documents," whereas here, National Union seeks a comprehensive decision on "all coverage issues." (ECF No. 28, Def.'s Resp. at 4.) Not so. As Soriano points out in her reply, the citation is the first step in her supplementary proceeding under § 2-1402 to apply the Policy proceeds to satisfy the judgment against Salgado. The citation is intended to resolve coverage issues; Soriano claims that Salgado should have been deemed an additional insured under the Policy. Furthermore, as a third-party citation respondent, National Union can litigate within the citation proceeding any defenses to recovery it may have. *See Stonecrafters, Inc. v. Wholesale Life Ins. Brokerage, Inc.*, 915 N.E.2d 51, 58 (Ill. App. Ct. 2009) (citing *Second New Haven Bank v. Kobrite, Inc.*, 408 N.E.2d 369 (Ill. App. Ct. 1980)). National Union also contends that the two actions are not "between the same parties" because it was not a party to the underlying state-court lawsuit. The Court is unpersuaded by this reliance on semantics. The relevant state-court proceeding is the supplementary citation proceeding, not the underlying lawsuit. National Union is the respondent in that proceeding and will have a full opportunity to adjudicate its rights therein.

This declaratory-judgment action cannot be heard without engaging in determinations of fact and law that would duplicate those involved in the state-court citation proceeding, thus interfering with that proceeding. *See Travelers Prop. Cas. Co. of Am. v. Rogan Shoes Inc.*, No. 11 CV 694, 2011 WL 2637257, at *3 (N.D. Ill. July 6, 2011); *Liberty Mut. Ins. Co. v. Mitchell*, No. 15 CV 1037, 2015 WL 351362, at *4-5 (C.D. Ill. Jan. 27, 2015). Accordingly, the Court will exercise its discretion to abstain from hearing this case.

## CONCLUSION

Defendant Ana Gabriela Soriano's motion to dismiss this action under the *Wilton/Brillhart* abstention doctrine [11] is granted. This action is dismissed without prejudice in favor of the pending state-court proceedings. Civil case terminated.

**DATE**: September 17, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**